**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| TRACY NIXON, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-121-K (BF) |
| | § | |
| GOLDMAN SACHS MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the District Court referred this removed civil action to the

United States Magistrate Judge for pretrial management. Before the Court is Plaintiff Tracy Nixon's

("Plaintiff") Memorandum in Support of Motion to Remand (doc. 5, "Motion to Remand"), filed on

January 23, 2013. Defendant Goldman Sachs Mortgage Company (improperly named as Goldman

Sachs Mortgage Corporation) ("GSMC") filed its response on February 13, 2013. For the following

reasons, the Court recommends that the District Court DENY Plaintiff's Motion to Remand.

**Background[1]**

Plaintiff originally filed his Petition in the 95th Judicial District Court of Dallas County,

Texas on December 10, 2012. GSMC thereafter timely removed the action to this Court based on

diversity jurisdiction. Plaintiff's Petition is largely unintelligible, however, it appears that Plaintiff

alleges that GSMC is "disturbing the title of the mortgage note" for the property located at 7913

Southern Hills Lane, Rowlett, Texas 75089. (Pl.'s Pet. ¶ 4.) Plaintiff claims that GSMC owes him

---

[1] These background facts are taken from Plaintiff's Original Petition, Request for Equitable Relief, and Request for Disclosure ("Petition") found in GSMC's Notice of Removal (doc. 1).

$170,000.00 for the property, which GSMC agreed to pay to him. (*Id.* at ¶ 19.) Additionally, Plaintiff avers that GSMC owes him $181,188.00 in debt. (*Id.*) Plaintiff claims entitlement to $371,118.00 in actual damages from GSMC. (*Id.*) Plaintiff brings his claims under the Texas Deceptive Trade Practices Act ("DTPA"). (*Id.* at ¶¶ 9-16.) From what the Court can discern, Plaintiff asserts that GSMC created a mortgage loan, which is owed to Plaintiff. (*Id.* at ¶ 9.) Plaintiff does not reside at the disputed property, but instead resides at 4415 South Malcolm X Blvd., Dallas, Texas 75215. (*Id.* at ¶ 3.) Plaintiff's Petition further alludes to the Securities and Exchange Commission's investigation of GSMC and GSMC's settlement of claims for its board members, alleging a pattern of bad conduct by GSMC. (*Id.* at ¶¶ 13-16.) Plaintiff's Motion to Remand is now ripe for review.

## Standard of Review

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). However, "federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim." *Federal Nat'l Mortg. Assoc. v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *1 (N.D. Tex. Nov. 16, 2010) (citing *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332.

In an action that has been removed to federal court, the removing party shoulders the burden of establishing the existence of federal subject matter jurisdiction. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003). The removal statute must be strictly construed in favor of

remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

### Analysis

GSMC removed this action to federal court based on diversity jurisdiction. In cases brought pursuant to diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). For diversity purposes, the amount in controversy is the amount sought by the plaintiff so long as this amount is claimed in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff alleges damages totaling $371,118.00 in his Petition. There is no reason to believe that this amount is not claimed in good faith, and neither party disputes that this is the amount sought by Plaintiff. The Court, therefore, finds the jurisdictional minimum for the amount in controversy has been satisfied.

Plaintiff does, however, dispute that complete diversity of citizenship exists between the parties. An individual is a citizen of the state where he is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 797 (5th Cir. 2007). In his Petition, Plaintiff asserts that he resides in Dallas, Texas. Plaintiff does not dispute that he is domiciled in Texas. Plaintiff is therefore a citizen of Texas. GSMC is a limited partnership organized under the laws of New York with one general partner, Goldman Sachs Real Estate Funding Corporation. (Pl.'s Mot. to Remand at 27.) A limited partnership is deemed a citizen of each state where each of its partners is a citizen. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990)). GSMC's sole partner, Goldman Sachs Real Estate Funding Corporation, is a corporation organized under the laws of New York with its principal place of

business located at 85 Broad Street, New York, NY 10004, and a mailing address of 200 West Street, New York, NY 10282. (App. to Def.'s Resp. to Pl.'s Mot. to Remand at 001-006.) A corporation is a citizen of any state where it has been incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c)(1). Goldman Sachs Real Estate Funding Corporation is therefore a citizen of New York. Accordingly, GSMC is also a citizen of New York. Complete diversity of citizenship exists between Plaintiff and GSMC because Plaintiff is a citizen of Texas and GSMC is a citizen of New York.

In his Motion to Remand, Plaintiff contends that GSMC is a citizen of Texas because it has an office and does business in Dallas, Texas. (Pl.'s Mot. to Remand ¶¶ 7-9.) However, this type of activity does not constitute citizenship for the purposes of determining diversity jurisdiction. It appears that Plaintiff is confusing citizenship for purposes of subject matter jurisdiction, which is at issue here, with personal jurisdiction. *See Grady v. Stoever*, 968 F. Supp. 334, 335 (S.D. Tex. 1997). Plaintiff's argument lacks merit, and the Court finds that the parties are diverse for purposes of diversity jurisdiction.

Plaintiff's remaining arguments fail as well. The *Younger* abstention doctrine is inapplicable here; DTPA claims can be heard in federal court so long as the court has federal question or diversity jurisdiction over the matter; and since there is only one defendant in this matter, GSMC was not required to seek consent from any other parties to remove this case. The Court finds that diversity jurisdiction exists, as the parties are completely diverse and the requisite amount in controversy has been satisfied. *See* 28 U.S.C. § 1332(a). GSMC has, thus, met its burden of establishing this Court's subject matter jurisdiction over the action. Accordingly, removal is proper.

**Recommendation**

For the foregoing reasons, the Court recommends that the District Court **DENY** Plaintiff's

Motion to Remand (doc. 5).

**SO RECOMMENDED**, May 6, 2013.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).