**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TRACY NIXON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:13-CV-121-K (BF)** |
| | § | |
| **GOLDMAN SACHS MORTGAGE** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. Before the Court is Defendant Goldman Sachs Mortgage Company's (improperly named as Goldman Sachs Mortgage Corporation) ("GSMC") Motion for Judgment on the Pleadings and Brief in Support (doc. 36, "Motion for Judgment on the Pleadings"), filed on March 22, 2013.  Although not timely filed, Plaintiff Tracy Nixon ("Plaintiff") filed his response to the Motion for Judgment on the Pleadings on May 16, 2013 ("Response"), which this Court will consider in these findings. GSMC declined to file a reply. For the following reasons, the Court recommends that the District Court GRANT GSMC's Motion for Judgment on the Pleadings.

**Background[1]**

Plaintiff originally filed his Petition in the 95th Judicial District Court of Dallas County, Texas on December 10, 2012. GSMC thereafter timely removed the action to this Court based on

---

[1] These background facts are taken collectively from Plaintiff's Original Petition, Request for Equitable Relief, and Request for Disclosure ("Petition") found in GSMC's Notice of Removal (doc. 1), and from GSMC's Motion for Judgment on the Pleadings (doc. 36).

diversity jurisdiction. Plaintiff's Petition is largely unintelligible, however, it appears that Plaintiff

alleges that GSMC is "disturbing the title of the mortgage note" for the property located at 7913

Southern Hills Lane, Rowlett, Texas 75089. (Pl.'s Pet. ¶ 4.) Plaintiff claims that GSMC owes him

$170,000.00 for the property, which GSMC agreed to pay to him. (*Id.* at ¶ 19.) Additionally, Plaintiff

avers that GSMC owes him $181,188.00 in debt. (*Id.*) Plaintiff claims entitlement to $371,118.00

in actual damages from GSMC. (*Id.*) Plaintiff brings his claims under the Texas Deceptive Trade

Practices Act ("DTPA"). (*Id.* at ¶¶ 9-16.) From what the Court can discern, Plaintiff asserts that

GSMC created a mortgage loan, which is owed to Plaintiff, based on purported tax records. (*Id.* at

¶ 9.) Plaintiff no longer resides at the disputed property, but instead resides at 4415 South Malcolm

X Blvd., Dallas, Texas 75215. (*Id.* at ¶ 3.) Plaintiff's Petition further alludes to the Securities and

Exchange Commission's investigation of GSMC and GSMC's settlement of claims for its board

members, alleging a pattern of bad conduct by GSMC. (*Id.* at ¶¶ 13-16.)

     In its Motion for Judgment on the Pleadings, GSMC avers that Plaintiff claims entitlement

to $371,118.00 from GSMC because of GSMC's alleged appearance on tax records related to a 2005

foreclosure. (Def.'s Mot. at 2.) GSMC further claims that Plaintiff previously filed a lawsuit against

GMAC Mortgage Corporation related to the 2005 foreclosure, which was subsequently dismissed

by the District Court. (*Id.*) GSMC seeks to dismiss Plaintiff's Petition because the claims contained

therein are time-barred and because Plaintiff has failed to state a claim upon which relief can be

granted. GSMC's Motion for Judgment on the Pleadings is now ripe for adjudication.

### Standard of Review

     Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early

enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).

A ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* Furthermore, a court generally cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, documents included with a defendant's motion to dismiss may be considered by the court if they are central to the plaintiff's claim and are referenced in the complaint. *Id.* at 498-99.

Federal Rule of Civil Procedure 8(a) sets forth the pleading requirements in federal cases. The Rule states that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose is to put the defendant on fair notice of what the claim is and upon what grounds it rests. *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleader's bare averment that he wants relief and is entitled to it does not suffice. *Twombly,* 127 S.Ct. at 1965-66.

To survive a motion for judgment on the pleadings, "the plaintiff must plead 'enough facts to state a claim that is plausible on its face.'" *Guidry,* 512 F.3d at 180 (quoting *Twombly,* 127 S.Ct. at 1974). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* The court should assume that all the factual allegations in the complaint are true, even if doubtful in fact. *Id.* The ultimate question in Rule 12(b)(6) and Rule 12(c) motions is

whether the complaint states a valid claim for relief when it is viewed in the light most favorable to the plaintiff. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008).

<u>**Analysis**</u>

**DTPA**

Although Plaintiff's Petition is mainly incoherent, the Court gathers that Plaintiff's DTPA claims surround a foreclosure that occurred in September of 2005 and related tax records. (Pl.'s Pet. ¶ 9.) Plaintiff included the tax records with his Petition, which concern cancelled mortgage debt on property located at 7913 Southern Hills, Rowlett, Texas 75089, and Plaintiff also included the envelope from the Internal Revenue Service ("IRS"), which demonstrates that the tax records were mailed to Plaintiff at 7913 Southern Hills Lane, Rowlett, Texas 75089 on December 18, 2007. (Def.'s Notice of Removal at 29-31.) The tax records include purported 1099-A and 1099-C forms which reflect the fair market value of the property and Plaintiff's mortgage and debt on the property for the 2005 tax year. (*Id.)* In his Petition, Plaintiff brings five causes of action against GSMC, all of which are brought pursuant to the DTPA. (Pl.'s Pet. ¶¶ 9-16.) However, such claims are barred by the statute of limitations.

The limitations period on a Texas DTPA claim is two years. TEX. BUS. & COM. CODE § 17.565. The statute provides "[a]ll actions . . . must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered . . . or should have discovered the occurrence of the false, misleading, or deceptive act or practice." *Id.* Plaintiff claims that he did not discover the alleged DTPA violations by GSMC until April 20, 2012. (Pl.'s Pet. ¶ 10.) However, the tax records submitted by Plaintiff indicate that he received the tax records on December 18, 2007. (Def.'s Notice of Removal at 29-31.)

Plaintiff fails to explain why he did not discover the alleged violations until April of 2012. Moreover, Plaintiff does not allege that with the exercise of reasonable diligence he would not have discovered the supposed violations until April of 2012, even when he received the tax records in December of 2007.

GSMC included the Substitute Trustee's Deed for the Rowlett, Texas property, which this Court can consider in these findings,[2] that demonstrates that GMAC Mortgage Corporation[3] foreclosed on Plaintiff's property on September 6, 2005. (App. to Def.'s Mot. at 001-002.) Thus, it appears to the Court that the false, misleading, or deceptive act or practice alleged by Plaintiff, as it relates to the foreclosure of his property, occurred in September of 2005. At the very latest, Plaintiff discovered, or should have discovered, the alleged false, misleading, or deceptive act or practice when he received the tax records from the IRS on December 18, 2007. Plaintiff's allegation that he did not discover the supposed violations until April 20, 2012, is contradicted by the tax records he submitted and, thus, does not control. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 377 (5th Cir. 2004) ("If [a pleading's] allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.") Plaintiff filed this lawsuit in state court on December 10, 2012, at least five years after the statute of limitations period began to run. Accordingly, Plaintiff's DTPA claims are time-barred.

---

[2] A court can consider documents included with a defendant's motion to dismiss if they are central to the plaintiff's claim and are referenced in the complaint. *Collins,* 224 F.3d at 498-99. The foreclosure sale in 2005 is central to Plaintiff's claim and is referenced in his Petition.

[3] The Court notes that GMAC Mortgage Corporation is a company which has no affiliation with GSMC.

Assuming, *arguendo*, that Plaintiff's claims are not barred by the statute of limitations, Plaintiff has still failed to allege a cognizable claim under the DTPA. In Texas, the elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Marquez v. Fed. Nat'l Mortg. Ass'n*, No. 3:10-CV-02040-L, 2011 WL 3714623, at *5 (N.D. Tex. Aug. 23, 2011) (citing *Doe v. Boys Club of Greater Dallas, Inc.,* 907 S.W.2d 472, 478 (Tex. 1995)). Thus, a claimant asserting a cause of action under the DTPA, must be a "consumer" in order to have standing. *See Woods v. Bank of Am., N.A.*, No. 3:11-CV-1116-B, 2012 WL 1344343, at *7 (N.D. Tex. Apr. 17, 2012) (quoting *Cushman v. GC Services, L.P.,* 397 Fed. App'x 24, 27–29 (5th Cir. 2010). A "consumer" under the DTPA is defined as one who "seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4). "Goods" include "tangible chattels or real property purchased or leased for use." *Id.* at § 17.45(1). "Services" are defined as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." *Id.* at § 17.45(2).

Texas Courts have consistently held that borrowing money does not constitute acquisition of a good or service. *See Marquez*, 2011 WL 3714623, at *5; *Woods,* 2012 WL 1344343, at *7; *Myers v. Bank of America, N.A.,* No. 4:11–CV–457, 2012 WL 1107687, at *2 (E.D. Tex. Mar. 31, 2012) (citing *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 566 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174–75 (Tex. 1980)). "Although a loan is not in itself a good or service, a lender may be subject to a DTPA claim if the borrower's objective is the purchase of a good or service." *Marquez,* 2011 WL 3714623, at *5 (citing *La Sara Grain Co.,* 673 S.W.2d at 567). The deciding factor is whether the purchase or lease of a good or service was "an

- 6 -

objective of the transaction, not merely incidental to it." *Id.* (quoting *FDIC v. Munn,* 804 F.2d 860, 865 (5th Cir. 1986)).

Plaintiff has failed to demonstrate that he is a "consumer" under the DTPA and, therefore, lacks standing to bring such a claim. Plaintiff's Petition is devoid of any factual allegations that he sought or acquired a mortgage loan, or any other good or service, from GSMC. Plaintiff fails to allege that GSMC was his lender or an entity from whom Plaintiff was to purchase a good or service. Instead, Plaintiff alleges that "through business and tax records," GSMC created a mortgage obligation "owed to the payee Tracy Nixon labeled as property settlement . . . ." (Pl.'s Pet. ¶ 9.) It appears that Plaintiff has somehow created a mortgage obligation through these purported 2005 tax records, which Plaintiff claims GSMC owes to him. However, the tax records indicate that Plaintiff is the *IRS payee*. Plaintiff has neither demonstrated his status as a consumer nor pled any factual allegations that demonstrate that GSMC engaged in false, misleading, or deceptive acts. Plaintiff's conclusory, nonsensical allegations cannot state a claim that is plausible on its face, even when viewed in a light most favorable to Plaintiff. Accordingly, Plaintiff's claims under the DTPA fail and should be dismissed.

**Leave to Amend**

In Plaintiff's Response, he requests leave to amend his Petition, should the Court find that he failed to state a claim upon which relief could be granted. (Pl.'s Resp. ¶ 18.) District courts typically allow plaintiffs at least one opportunity to amend their pleadings before dismissing a case. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, leave to amend need not be granted if "it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid

dismissal." *Id.* Here, the Court finds that affording Plaintiff leave to amend his DTPA claims would be futile because the defects are incurable. Plaintiff's claims are barred by the statute of limitations, Plaintiff is not a "consumer" under the DTPA, and Plaintiff cannot allege a valid claim for relief. Accordingly, Plaintiff should not be granted leave to amend his Petition.

 **Sanction Warning**

In light of Plaintiff's filing history in this Court, Plaintiff should be warned that if he persists in filing frivolous lawsuits, the Court may impose monetary sanctions or bar him from bringing any further action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1). Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). As recognized by the Supreme Court, such authority also includes the power "to levy sanctions in response to abusive litigation practices." *Id.* (citations omitted). If a *pro se* litigant has a history of filing multiple frivolous claims, sanctions may be appropriate. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993).

**Recommendation**

For the foregoing reasons, the Court recommends that the District Court **DENY** Plaintiff's request for leave to amend his Petition, **GRANT** GSMC's Motion for Judgment on the Pleadings (doc. 36), and **DISMISS** Plaintiff's claims against GSMC with prejudice. It is further recommended that Plaintiff be **WARNED** that sanctions may be imposed if he persists in filing frivolous lawsuits.

**SO RECOMMENDED**, June 25,  2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).